**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00673-001-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Chauncey Hollingberry, | |
| Defendant. | |

Pending before the Court is Defendant Chauncey Hollingberry's Motion for Pretrial Release; Violation of Due Process. (Doc 90.) For reasons that follow, the Motion is denied.

**I.     BACKGROUND**

Defendant is charged with one count in violation of Title 18, United States Code, Section 2261A(2). (Docs. 3, 13.) This charge arises out of Defendant's alleged online harassment and intimidation of Victim K, an employee of the Arizona Attorney General's Office. (Doc. 3, 8.)

Defendant waived a preliminary hearing. (Reporter's Transcript "R.T." 3/20/2020, at 4). After oral argument and consideration of ten exhibits, the Magistrate Judge found that: (i) Defendant is charged with a crime of violence; (ii) clear and convincing evidence shows Defendant is a danger to the community; and (iii) clear and convincing evidence supports that he will threaten, injure, intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror. (R.T. 3/20/2020, at 30.) The Magistrate Judge also found

that no conditions of release would reasonably assure the safety of Victim K, and no conditions of release would prevent Defendant from obstructing or attempting to obstruct justice, or from threatening, injuring, intimidating (or attempting to threaten, injure, or intimidate) Victim K. (*Id.* at 34–35.) Accordingly, the Magistrate Judge ordered Defendant detained pending further proceedings. (*Id.* at 35.)

Defendant moved to revoke the Magistrate Judge's detention order. (Doc. 17.) This Court denied the motion. First, the Court found a detention hearing was proper pursuant to 18 US.C. § 3142(f)(2)(B) because there is "a serious risk that [Defendant] will obstruct or attempt to obstruct justice, or threaten, injure or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." (Doc. 25 at 5–6.) Then, the Court found that Defendant is charged with cyberstalking (a crime of violence), there is a serious risk that Defendant would continue to "weaponize the internet" to threaten or intimidate Victim K, the circumstances surrounding the offense tend to show Defendant is a danger to Victim K given his YouTube videos and emails targeting Victim K at her workplace, and there is no condition or combination of conditions that will reasonably assure the safety of the community. (*Id.* at 5–9, 11.)

Defendant appealed to the Ninth Circuit. (Doc. 27.) The Ninth Circuit affirmed this Court's order, noting that the Court "correctly found that the government has met its burden of showing, by clear and convincing evidence, that 'no condition or combination of conditions will reasonably assure . . . the safety of . . . the community,' 18 U.S.C. § 3412(e), and that appellant therefore poses a danger to the community." *United States v. Hollingberry*, No. 20-10183, 2020 WL 5237342, at * 1 (9th Cir. July 23, 2020) (alteration in original) (citation omitted).

Defendant has moved—ostensibly under 18 U.S.C. § 3142(f)(2)—that changed circumstances warrant the reopening of detention proceedings and an order granting pretrial release. (Doc. 90 at 1, 4–5.) The Court has considered Defendant's Motion for Pretrial Release (Doc. 90), the Government's Response (Doc. 98), the Defendant's Reply (Doc. 99), the transcript of the detention hearing (R.T. 3/20/2020), the

Complaint (Doc. 3), and the Government's Detention Memorandum (Doc. 8.) For the following reasons, the Court denies Defendant's motion and Defendant will remain detained pending trial.

## II. LEGAL STANDARD

Under the Bail Reform Act, a detention hearing

> may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). Information has a "material bearing on the issue" when "it increases the chances the defendant appears for his criminal hearing or decreases the danger the defendant poses to an individual or the community as a whole." *United States v. Martin*, No. 13-CR-00466-JSW-2 (KAW), 2015 WL 3464937 at *2 (N.D. Cal. May 29, 2015). The movant bears the burden of showing that the information presented "was not known to the movant at the initial detention hearing." *See United States v. Terrone*, 454 F. Supp. 3d 1009, 1017 (D. Nev. 2020). If the information was available at the initial detention hearing, the issue of detention should not be reopened. *United States v. Ward*, 63 F. Supp. 2d 1203, 1206 (C.D. Cal. 1999). If the Court determines that detention should be reopened, the Court reexamines the four Section 3142(g) factors, considering the new information offered by the moving party in context.

## III. ANALYSIS

Defendant argues that his voluntary request to be placed in protective custody, COVID-19, and factual inaccuracies at the March 20, 2020 detention hearing warrant reopening of the issue of Defendant's detention. (*See* Doc. 90 at 5.)

### A. Voluntary Request for Protective Custody

The Court finds that Defendant's voluntary entry into protective custody does not constitute a changed circumstance justifying reopening the detention proceedings. Defendant argues that "he is locked down in a room twenty-four (24) hours a day by

himself" and "he only gets to shower three times per week," which he requested "because of fear for his safety." (Doc. 90 at 5, Doc. 99 at 2.) Defendant also notes that the "seg" conference room can only be reserved in one hour increments for consultations between detainees and their attorneys. (Doc. 99 at 2.) This information does not have a bearing on the issue at hand—whether there are conditions of release that will reasonably assure the appearance of Defendant at trial and the safety of Victim K and the community. *See* 18 U.S.C. § 3142(f)(2). As such, the Court does not find Defendant's protective custody request to be relevant.

### B. COVID-19

Next, Defendant argues that COVID-19 protocols have lengthened his pretrial detention. (Doc. 90 at 5.) While it is true that COVID-19 has affected the amount of time Defendant was detained prior to the Grand Jury's indictment (Docs. 15, 21, 42, 50), the Government argues, and Defendant does not dispute, that Defendant himself is responsible for much of the delay in the lead-up to his trial. For example, Defendant filed a Motion for Determination of Counsel (Doc. 83), refused to appear via VTC at the hearing (Doc. 85), then was brought to the Court three weeks later where the Court denied his motion without prejudice. (Doc. 89.) In fact, Defendant has brought three motions requesting the Court appoint new counsel for him (Doc. 38, 48, 60), as well as a "notice of prosecutor misconduct." (Doc. 77.) At the request of Defendant's counsel, trial has been continued until October 5, 2021. (Doc. 95.)

The Court is mindful that the Defendant has reported health issues. (Doc. 78.) These circumstances, however, do not alter the statutory framework outlined in 18 U.S.C. § 3142(f)(2) and (g). *United States v. Johnson*, No. 18CR4955-H, at *2, 2020 WL 2092904 (S.D. Cal. May 1, 2020) (citing *United States v. Diaz-Hernandez*, 943 F,3d 1196, 1199 (9th Cir. 2019)). Accordingly, the Court does not find cause to reopen the issue of pretrial detention based on COVID-19.

### C. Factual Inaccuracies

Finally, Defendant argues that there were factual inaccuracies presented during the

March 20, 2020 detention hearing which "Defendant never had a chance to challenge or answer." (Doc. 90 at 6.) Defendant contends that (1) he never gave out Victim K's personal phone number, he only gave out her office phone number; (2) Victim K should not have been worried about Defendant's threat to publish naked photographs of her because she stated no such photographs existed; (3) the Government stated that Defendant sent harassing and threatening emails to Victim K, when those emails were intended as "pleas for her to stop violating his First Amendment rights by unjustly exercising her powerful authority by directing social media sites to remove his posts;" (4) he never asked his subscribers to send Victim K inappropriate objects, but instead asked them not to. (Doc. 99 at 6–8.)

Here, Defendant fails to show that any of these alleged factual inaccuracies were not known to him at the initial detention hearing. *See Terrone*, 454 F. Supp. 3d at 1017; *see also* 18 U.S.C. § 3142(f)(2). Information pertaining to each of the alleged inaccuracies was fully available and not subject to change. *Cf. United States v. Treselyan*, No. CR-20-00549-001-PHX-DWL, 2021 WL 3055040, at *2 (explaining how changed immigration status and obtaining an insurance settlement check constitutes "new information" justifying reopening detention proceedings). Because all the information presented by Defendant was available at the time of the initial detention hearing, and no material changes have occurred, the issue of detention will not be reopened. *Ward*, 63 F. Supp. 2d at 1206.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** denying Defendant's Motion for Pretrial Release. (Doc. 90.)

Dated this 1st day of September, 2021.

Michael T. Liburdi
United States District Judge

- 5 -