GARY M. RESTAINO
United States Attorney
District of Arizona
CHRISTINE D. KELLER
Illinois State Bar No. 6281316
Email: Christine.Keller@usdoj.gov
GLENN B. MCCORMICK
Arizona State Bar No. 013328
Email: glenn.mccormick@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Chauncey Hollingberry, <br><br> Defendant. | No. CR 20-00673-PHX-MTL <br><br> **RESPONSE TO DEFENDANT'S MOTION FOR PRESENTENCE RELEASE** |

Defendant is scheduled to change his plea and enter into a plea agreement next Thursday, May 5, 2022. [Dkt. #134.] The defense has filed an anticipatory Motion for Presentence Release, providing notice of its request that Defendant be released at the conclusion of that hearing. [Dkt. #135.]

While no basis for the motion is cited, the timing suggests that the motion is made pursuant to 18 U.S.C. § 3143, which applies to defendants pending sentencing, and assumes the Court will accept the guilty plea at the conclusion of the hearing.[1]

The proposed plea agreement includes the following provision:

---

[1] No relief would be available under 18 U.S.C. § 3142(f)(2), which applies only to defendants pending trial who can show changed circumstances. *United States v. Jones*, 452 F. Supp. 3d 258, 260 (W.D. Pa. 2020).

   i. <u>Custodial Status Pending Sentencing.</u>  If the defendant successfully pleads guilty at the change of plea hearing, the government will have no objection to his release pending sentencing so long as the Court finds that the provisions of 18 U.S.C. § 3143 are satisfied and that the release plan approved by both the pretrial services officer and the Court sufficiently mitigates any risk of danger or flight. The government reserves the right to comment on the sufficiency of the proposed release plan, and to request, recommend, and object to proposed release conditions.

Section 3143 mandates detention for persons awaiting sentencing for a "crime of violence." 18 U.S.C. § 3143(a)(2) (incorporating 18 U.S.C. § 3142(f)(1)(A)). *See* 18 U.S.C. § 3156(a)(4)(A) (elements clause).[2]

The only exception is where:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Here, the government is not recommending a sentence of imprisonment. As such, the Court can release Defendant if it finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to any other person or the community. Such a determination will be made in conjunction with a review of the proposed release plan to see whether it sufficiently mitigates any risk of danger or flight.

Notwithstanding the foregoing, the government is unable to adequately respond to Defendant's motion at this time.  Defendant has not yet completed the change of plea process nor had his guilty plea accepted by the Court. Moreover, the government has not

---

[2] While the Ninth Circuit has not yet considered whether cyberstalking is a crime of violence, the Court has undertaken this analysis and treated it as such for purposes of the Bail Reform Act. [Dkt. #25.]

received the proposed release plan for its review and comment, nor has such a plan been accepted by the pretrial services officer or the Court.

### CONCLUSION

For the foregoing reasons, the government asserts that it is unable to decisively respond to Defendant's motion because the motion is not yet ripe. The government reserves its right to comment on the proposed release plan, including proposed conditions.

RESPECTFULLY SUBMITTED this 28th day of April, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

 *s/Christine D. Keller*
CHRISTINE D. KELLER
GLENN B. MCCORMICK
Assistant U.S. Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing. I hereby certify that on this same date, I served the attached document by electronic mail, on the following, who may or may not be registered participants of the CM/ECF System: Philip Seplow.

*s/ Theresa Hanson*
United States Attorney's Office