GARY M. RESTAINO
United States Attorney
District of Arizona
CHRISTINE D. KELLER
Illinois State Bar No. 6281316
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Christine.Keller@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 20-00673-PHX-MTL |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Chauncey Hollingberry, | |
| Defendant. | |

Plaintiff, the United States of America, and the defendant, Chauncey Hollingberry, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 1 of the Indictment charging the defendant with a violation of 18 United States Code (U.S.C.) § 2261A(2), Cyberstalking, a Class D felony offense.

2. **MAXIMUM PENALTIES**

   a.  A violation of 18 U.S.C. § 2261A(2) is punishable by a maximum fine of $250,000, a maximum term of imprisonment of five years, or both, and a maximum term of supervised release of three years. The maximum term of probation is five years.

   b.  According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

  (1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

  (2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

  (3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

  (4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

 c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.** **AGREEMENTS REGARDING SENTENCING**

 a. <u>Stipulation: Sentence.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant shall be sentenced to a term of probation of five years.

 b. <u>Stipulation: Relevant Conduct.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that any alleged similar conduct involving the defendant's uncle shall not be considered as relevant conduct under U.S.S.G. §1B1.3 at sentencing.

 c. <u>Stipulation: Mental Health Treatment.</u> The United States and the defendant stipulate that during any period of court supervision (including probation and/or supervised release), the defendant shall participate in mental health treatment as determined to be necessary by a medical professional and/or mental health professional providing mental health treatment, and the defendant shall follow any treatment directions by the treatment

provider. The defendant shall take medicine as prescribed by a medical professional providing mental health treatment, unless the defendant has a good faith belief that the medication implicates a significant liberty interest, at which time the defendant must immediately notify the probation officer so that the Court can promptly hold a hearing. The defendant must contribute to the cost of treatment in an amount to be determined by the probation officer.

       d.    <u>Stipulation: No Contact</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and defendant stipulate that the defendant shall have no contact of any kind, including directly, through a third party, or via social media, with the victim named in the Indictment ("Victim K"), while the defendant is serving the sentence imposed in this case, including during any period of incarceration, probation, or supervised release. Additionally, the defendant agrees that he will, either directly or through his attorney, make his best effort to remove from the Internet any and all publicly available information that he posted concerning Victim K. This shall include removing all social media, YouTube, and other internet videos and/or posts by the defendant about or referencing Victim K, as well as any images or videos of Victim K. The defendant also agrees that he will permanently delete all images and videos of Victim K that are in his possession. The defendant further agrees that he will arrange for these actions to be completed within 30 days of the date of entry of judgment in this matter.

       e.    <u>Stipulation: Restitution</u>. Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $15,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

f.  <u>Recommendation: Acceptance of Responsibility</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

g.  <u>Non-Binding Recommendations</u>. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

h.  <u>Assets and Financial Responsibility</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

i.  <u>Custodial Status Pending Sentencing</u>. If the defendant successfully pleads

guilty at the change of plea hearing, the government will have no objection to his release pending sentencing so long as the Court finds that the provisions of 18 U.S.C. § 3143 are satisfied and that the release plan approved by both the pretrial services officer and the Court sufficiently mitigates any risk of danger or flight. The government reserves the right to comment on the sufficiency of the proposed release plan, and to request, recommend, and object to proposed release conditions.

j. <u>Use of the Internet While on Probation</u>. The government does not object to a condition of probation that allows the defendant use of the internet for the purpose of legitimate educational and/or vocational purposes that are preapproved by the probation officer and subject to monitoring by the probation officer.

k. <u>Return of Property</u>. Within 60 days of the imposition of judgment, the government will return all property of the defendant collected or seized by the government in this matter to the defendant or his assigned representative.

**4. AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. The United States shall not prosecute the defendant for any other offenses committed by the defendant, and known by the United States, contained within the discovery provided in this matter.

b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5. COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically

be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion)." This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

a.  The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

   b.   Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

   c.   The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

      (1)   criminal convictions, history of drug abuse, and mental illness; and

      (2)   financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

   Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9. **ELEMENTS**

                              **Cyberstalking**

On or about January 8, 2020, through February 2020, in the District of Arizona:

   1.   The defendant, with the intent to harass or intimidate the victim;

   2.   Knowingly used an interactive computer service, electronic communication service or electronic communication system of interstate commerce, or any

other facility of interstate or foreign commerce, to engage in a course of conduct; and

3. That course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to the victim.

**10. <u>FACTUAL BASIS</u>**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On or about and between January 8, 2020 and February 2020, the defendant knowingly used various facilities of interstate commerce to engage in a course of conduct that would be reasonably expected to cause substantial emotional distress to Victim K, with the intent to harass or intimidate Victim K. Specifically, the defendant posted approximately 11 videos to his public YouTube channel and at least one to his personal web site regarding Victim K. The videos, taken as a whole, disclosed Victim K's likeness, full name, date of birth, home address, cell phone number, employment with the Arizona Attorney General's Office (AAGO) and her work title, work address, and work phone number, as well as personal details about her. The defendant called Victim K derogatory names, including "bitch" and "hoe."

The defendant solicited his thousands of YouTube followers to help him gather personal information such as names, photos, and home addresses of all employees of the AAGO (including Victim K) so that he could post them online and have the employees blame Victim K. The defendant's followers obliged, also providing him with information about Victim K's prior arrest, which resulted in the defendant posting Victim K's arrest record, including her date of birth, physical descriptors, and mugshot. The defendant also threatened to email Victim K's mugshot and alleged nude photographs of her to everyone working at the AAGO, and later claimed to have sent the email to "about a hundred people in the government, including people in the court ... I even threw in news stations as well." He also encouraged his followers to send marijuana to Victim K at her work address,

because "I don't care how much money or how much time it takes, I'm taking that bitch down ..."

On January 24, 2020, Victim K had the defendant served with an Injunction Against Workplace Harassment. Later that same day, the defendant posted another YouTube video encouraging his followers to "email bomb" the AAGO and provided them with a link to a Google Docs drive that contained the name, phone number, work email address, and position of 56 AAGO employees, including Victim K. On or about February 7, 2020, the defendant posted the victim's mug shot online as well as a link to the Maricopa County Assessor's Office web site that linked to a parcel that identified Victim K as an owner.

In addition to the online videos, between January 19, 2020 and January 20, 2020, the defendant sent multiple emails to 54 AAGO employees, sometimes including local news outlets, a member of the Arizona House of Representatives, and the Communications Director of the Arizona Judicial Branch, discussing Victim K. One email (titled "[Victim K]: DRUG ARREST"), included Victim K's mugshot (which he claimed to be running "all over Facebook"), that Victim K was now "famous online," and that she should "seek help for [her] drug addiction." Another email containing the mugshot was titled "[VICTIM K] NUDE PHOTOS," wherein he claimed that "[a]llegedly nude photos are going around of [Victim K] in shall we say a compromising position," and provided a search term he believed would take them to the online photographs.

As a result of the defendant's conduct, Victim K had a security detail assigned to her out of fear for her personal safety and limited her time in public out of fear of running into the defendant or one of his followers.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

_____4/21/22_____     _____
Date                                       CHAUNCEY HOLLINGBERRY
                                           Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement.

//
//
//
//

I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4/21/22
Date

PHILIP A. SEPLOW
Attorney for Defendant

### APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

CHRISTINE KELLER
Digitally signed by CHRISTINE KELLER
Date: 2022.04.14 19:39:10 -07'00'

Date

CHRISTINE D. KELLER
Assistant U.S. Attorney

### ACCEPTANCE BY THE COURT

Date

HON. MICHAEL T. LIBURDI
United States District Judge