GARY M. RESTAINO
United States Attorney
District of Arizona
CHRISTINE D. KELLER
Illinois State Bar No. 6281316
Email: Christine.Keller@usdoj.gov
GLENN B. MCCORMICK
Arizona State Bar No. 013328
Email: Glenn.Mccormick@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Chauncey Hollingberry,<br><br>Defendant. | CR- 20-00673-PHX-MTL<br><br>**MEMORANDUM REGARDING FOLLOW UP TO HEARING ON DEFENDANT'S MOTION FOR MISCELLANEOUS RELIEF** |

Now comes the United States of America, by and through its undersigned attorneys, with this Memorandum Regarding Follow up to Hearing on Defendant's Motion for Miscellaneous Relief [DOC. 167].

**Procedural Posture**

A hearing was held on November 21, 2022, before this court to address Defendant's Moton for Miscellaneous Relief. The Court issued various directions to encourage the parties to resolve the issued before the Court. The parties have remained in contact to resolve the outstanding issues and met in person on December 5, 2022, to further those efforts. This Memorandum documents efforts by the parties to resolve the issues.

**Deletion of Certain Social Media Information On the Internet**

Pursuant to the direction of the Court, Mr. Hollingberry, his counsel, the FBI case agent, and the assigned United States Probation Officer (USPO) will meet and attempt to access and delete information regarding Victim K from Mr. Hollingberry's social media

accounts. That meeting is currently not scheduled. The USPO has unsuccessfully attempted to arrange the meeting, with the primary impediment being Mr. Hollingberry. Mr. Hollingberry advised the USPO that he will not meet before his computer equipment is returned to him. Efforts to return that property are under way, but should not be a condition precedent to Mr. Hollingberry complying with the Court's directions and the USPO's attempts to arrange the meeting.

Once the meeting has taken place, the parties will report to the Court regarding the outcome. In the event access to the social media accounts cannot be obtained, the United States will seek a separate order from the Court, directing YouTube and Facebook to delete any such accounts formerly operated by Mr. Hollingberry.

**Computing Equipment in FBI Custody**

The following computing equipment devices remain in FBI custody:

1. Apple iPad, M/N A1893, S/N GG7X53U4JF8K

2. Kyocera Cellular Phone, M/N E6920, IMEI 015099000370424

3. iBuyPower Custom PX, M/N I-Series R1Z4A651,
   S/N CBF0DFDB1AE5FABA5

4. IBuyPower Custom PC, Model Number (M/N) I-Series R133A656, Serial Number (S/N) 858CED0ED567F635

Regarding items one and two above, the FBI believes it can reset them to factory Settings. However, the FBI requests written authorization from Mr. Hollingberry through his counsel, that this is acceptable. Counsel for Mr. Hollingberry indicated during the December 5, 2022, meeting with government's counsel that he will seek and provide that written authorization, hopefully later this week. After items one and two are reset, they can be returned to Mr. Hollingberry at a mutually convenient time.

Regarding items three and four, the FBI initially indicated that there is no way to return them to factory settings and that "wiping" them was the only option. According to the FBI, the only way to return the computers to being functional post wiping, would be for the software and drivers used to originally set them up being reinstalled. This was conveyed to Mr. Hollingberry through counsel. Counsel responded that Mr. Hollingberry

does not have access to the originally installed software and drivers. Therefore, the FBI proposal was unacceptable to Mr. Hollingberry. Counsel for Mr. Hollingberry pleaded with counsel for the government for another option.

Counsel for the United States recontacted the FBI to come up with another remedy. The FBI has reluctantly agreed to a workaround that is well outside usual remedial options. They have offered to create a new user account and permanently delete all currently existing user accounts. Agents believe this will functionally work like a reset for purposes of the present case only. They note that this is the sort of computer repair work a customer might seek from the "Geek Squad" or similar commercial computer service provider. However, in the interest of resolving this issue, they are willing to attempt this workaround.

Once again, the agents will not attempt this remedy prior to receiving written authorization from Mr. Hollingberry, through his counsel, that this is acceptable. Counsel for Mr. Hollilngberry indicated during the December 5, 2022, meeting with government's counsel that he will seek and provide that written authorization, hopefully later this week. After items three and four are reset, they can be returned to Mr. Hollingberry at a mutually convenient time.

**Release of Medical Information**

Mr. Hollingberry faxed an executed Unlimited Release of Medical Information to the USPO. The USPO indicates that the release meets with their requirements. No further action on this issue is needed from the Court at this time.

**Monthly Supervision Report**

During the hearing, the defense argued that the financial information required by the standard monthly probationer report was unnecessary and beyond the scope of the Court's orders in the Judgment, Doc. 152. The defense argued further that because Mr. Hollingberry has not committed financial crimes, the financial information is unnecessary. The government's position at the hearing was that the financial information is required of all defendants, not just those convicted of financial crimes.  Not argued at the hearing, but relevant just the same, is the fact that the financial information requested in the standard probationer report helps the probation officer to know how much the probationer can

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

contribute toward treatment and may offer clues to other activities of the probationer that are counter to success while on probation. Therefore, the United States continues to request the court to deny defendant's request to be exempted from providing the required financial information.

**Passport Order**

The defense did not argue the passport issue raised in the Motion for Miscellaneous Relief. The government continues to request the court to deny defendant's request for an order directing the State Department or other governmental entity to permit Mr. Hollingberry to turn in his passport card for renewal and to have a passport issued. There is no impediment to Mr. Hollingberry doing these things. Therefore, the issue is moot.

**Access to Other Internet Capable Devices in Defendant's Residence**

Defendant's mother, Leeza Cook, was present in court for the hearing.  Ms. Cook agreed to password protect her internet capable devices, not provide Mr. Hollingberry access to them, and not provide him with her passwords.

**Conclusion**

The USPO's and Mr. Hollingberry's concerns can be remedied through cooperation. The USPO will sit with Mr. Hollingberry, his counsel, and the case agent to make best efforts to access former social media accounts and purge them of information as required by Special Condition 6. In the event those efforts are unsuccessful, the United States will seek an order directing Facebook and YouTube to delete Mr. Hollingberry's former accounts, to the extent they still exist.

The parties have an agreement in principle to attempt to remove contraband-information from the Mr. Hollingbery's internet accessible devices currently in FBI custody. Once the details of that agreement are worked out, the FBI will address the potential contraband-information on those devices and make them available for Mr. Hollingberry to pick up. The parties expect the agreement details to be worked out later this week. After the agreement is finalized, the FBI can schedule time to place Mr. Hollingberry's devices in a condition acceptable to their return. Once returned, the USPO

1   will assist Mr. Hollingberry to acquire monitoring services in a timely manner as required

2   by Special Condition 10.

3          The parties proposed today's date to advise the Court of the parties progress. The

4   Court and parties also discussed potentially filing a proposed Order to enforce remedial

5   efforts. However, some of the remedial efforts are not ripe for an order, but may be shortly.

6   The parties will keep the court advised of progress and may file a proposed order in the

7   near future if remedial efforts fail.

8          Respectfully submitted this 5th day of December, 2022.

9                                          GARY M. RESTAINO
                                           United States Attorney
10                                         District of Arizona

11

12          *s/Glenn B. McCormick*
                                           GLENN B. McCORMICK
13                                         CHRISTINE D. KELLER
                                           Assistant U.S. Attorneys

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3          I hereby certify that on 5th day of December, 2022, I electronically transmitted the

4    attached document to the Clerk's Office using the CM/ECF System for filing a copy to the

5    following CM/ECF registrant:

6

     Phillip Seplow
7

8     _s/Glenn B. McCormick_
      U.S. Attorney's Office
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28