Philip A. Seplow, Esq.
Attorney AZ #004859
8808 North Central Ave. #278
Phoenix, AZ 85020
Tel: (602) 254-8817
PhilipSeplowLaw@gmail.com
barkerpas@gmail.com
Attorney for Chauncey Hollingberry

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** **Plaintiff**, | Case CR-20-00673-PHX-MTL |
| **vs.** | MOTION FOR STAY OF FBI COMPUTER MEETING |
| **Chauncey Hollingberry,** **Defendant.** | |

COMES NOW THE Defendant, Chauncey Hollingberry, by and through undersigned counsel and requests that this Honorable Court issue its Order to the U.S. Probation Officer, Joshua Domschot, to seek another date and time for the proposed meeting with an FBI agent, the P.O., the

Probationer, and undersigned counsel to attempt to remove unwanted information concerning Victim K. from the internet. This was part of the discussion in the Courtroom on November 21, 2022. This conversation arose because the Defense wanted to ensure transparency when Chauncey would meet with the FBI via Chauncey's recording of the proposed session. If the Court recalls, the Probation department and perhaps the FBI were not comfortable with memorializing the meeting(s) on tape the discussions,

On Saturday, December 10, 2022, Chauncey traveled to the Maryvale Post Office and signed for a certified letter from Mr. Domschot directing that the Probationer meet with him and the FBI on December 14, 2022. It is extremely important to note that undersigned counsel made it known to the Probation Officer that he could not be available on that date and would be available on either December 19th or 20th.

Further, during the time of those emails, undersigned counsel also proposed that the meeting take place on December 9, 2022, but Mr. Domschot said that date was not convenient for him.

Although there is no transcript of the verbiage that took place on November 21, 2022, in Judge Liburdi's Courtroom (and perhaps a transcript should be ordered), it is undersigned counsel's recollection that because the Probation office and the FBI were so against Mr. Hollingberry recording the session(s), as the Probationer felt the need for accuracy was paramount and would afford protection from accusations (for instance, that he said something which he never actually said, but was accused of saying), it was determined that undersigned counsel would attend the proposed meeting(s) involving the internet. The Court appeared to like that solution.

There is obviously a disconnect between Chauncey and Joshua Domschot. But Chauncey, when compared to others that are supervised, is actually a shining example of what a probationer should be. He doesn't drink alcoholic beverages. He does not use illicit drugs and does not even use marijuana. He owns no firearm, not even a bow and arrow. He has no motor vehicle so he isn't even be able to violate traffic laws as he relies upon public transportation and gets to work on time in spite of his lack of a personal motor vehicle.

It appears as though the current supervising probation officer is trying to micromanage and exert unreasonable control over both Chauncey and his mother, Leeza Cook. Chauncey goes to work faithfully. He comes home and resides at the family residence. He does not go out socially at this time. He is respectful to his mother, with whom he lives,

and is simply trying to obey the rules that are reasonable and related to his offense.

Here is an example: Ms. Cook reports that Mr. Domschot is very demanding and tries to control not only parts of Chauncey's life, but her own. The P.O. knows that Chauncey does not have his own phone. So the P.O. calls the mother and even though she is at one place in the Valley, and Chauncey is at another place (usually different places of employment), Mr. Domschot demands that Leeza give her son the message immediately (which is impossible), so that Chauncey can call back by a certain time that very day. If Ms. Cook tells the P.O. that she may not be able to reach him right away and that Chauncey may not be able to call him until tomorrow, Mr. Domschot becomes extremely rigid and says things like "That is unacceptable," and makes further demands. The logistics are that Leeza

Cook has a cell phone and Chauncey does not. Chauncey calls the P.O. sometimes in the evening from the home landline and it takes several times before the P.O. answers, if he answers his phone at all. Chauncey has left voicemails and those voicemails are not returned and many times Mr. Domschot's voicemail is full.

The reason undersigned counsel is meeting with his client and his client's mother and working on this pleading during the evening hours of Saturday, December 10, 2022 (the date that Chauncey received the certified letter), is because undersigned counsel feels that the P.O. has flagrantly ignored the Courtroom conversation of the 21st and Ms Cook's and Mr. Hollingberry's dates of availability, as well as undersigned counsel's availability. It seemed that the Court was satisfied that Mr. Hollingberry's desire to record any session when he was in the presence of the FBI would be

satisfied by undersigned counsel being a percipient witness and participant at the aforementioned meetings. That may be the primary reason for the ordering of the transcript, and of course to see if Mr. Domschot is acting accordingly and reasonably.

An important point to be noted is that Ms. Leeza Cook, who has watched her son, not only with loving eyes, but scrutinizing eyes, since Chauncey has returned home, believes that Chauncey is trying to do everything he can to satisfy the P.O. via verbal commitments and faxes and letters. Ms. Cook believes the probationer officer at times is unreasonable and uncooperative, and is a very difficult person to please, unless the probationer blindly follows in lockstep.

WHEREFORE, because neither Ms. Cook, nor Chauncey nor undersigned counsel is available for the proposed December 14th date, a new date is requested to be scheduled.

There is certainly no harm in rescheduling the meeting to meet everybody's availability. This is not a situation where the P.O. has to make the trains run on time. Chauncey is not going anywhere in the near future.

Undersigned counsel does not want his client to be considered in violation of his conditions of probation if he does not appear on the 14th, but without undersigned counsel present, the meeting may be very short as I am sure that Mr. Hollingberry would feel intimidated without attorney Seplow present. Further, because Chauncey received the certified letter on Saturday (this very day), he has not had enough time to notify his employer and his mother is worried he may lose his job.

Undersigned counsel will make himself available for any teleconference this Honorable Court feels is necessary in order to resolve this issue. His cell phone is (602) 570-7817.

RESPECTFULLY submitted this 10ᵗʰ day of December 2022.

> s/ Philip A. Seplow
> Attorney for Defendant
> Chauncey Hollingberry.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Assistant United States Attorney
Glenn McCormick

Senior U.S. Probation Officer
Joshua Domschot

The Defendant will be provided with a copy of the above.

> *s/ Philip Seplow*