GARY M. RESTAINO
United States Attorney
District of Arizona
GLENN B. MCCORMICK
Arizona State Bar No. 013328
Email: Glenn.Mccormick@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Chauncey Hollingberry,<br><br>　　　　　　Defendant. | CR- 20-00673-PHX-MTL<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR IMMEDIATE RELEASE [DOC 192]** |

Now comes the United States of America, by and through its undersigned attorneys, and hereby requests the Court to deny Defendant/Probationer's Motion for Immediate Release [DOC. 192].

Probationer has moved the Court for immediate release due to changed circumstances. The United States concedes that circumstances related to Allegations A and B in the Petition for a Warrant to Revoke Probation have changed, but not as to Allegation C, nor as to the reasons Probationer was detained pending resolution of the Petition.

**Reasons for Detention have Not Changed**

Probationer was ordered detained on March 17, 2023, after a detention hearing. The Detention Order [Doc. 184] states:

"The Court finds that the defendant, having previously been convicted and placed on probation, and having appeared before the Court in connection with that petition to revoke his probation, has failed to establish by clear and

convincing evidence that he is not likely to flee or pose a danger to the safety of the community if released pursuant to 18 U.S.C. § 3142(b) or (c)."

At the Detention Hearing, the United States argued that Probationer had made several threats to leave the country and indicated that he considered his probation "terminated." The United States' arguments were primarily based on Probationer's own words:

- On March 8, 2023, at 12:07 p.m. Probationer sent the Probation Officer an email with a picture of a commercial airliner flying away and wrote under the picture, "I have chosen to terminate the plea agreement."

- On March 8, 2023, at 12:58 p.m. Probationer sent the Probation Officer an email stating, "I have chosen to seek political asylum protection from another country. I will continue to follow the orders of [the judge] until I board the Boeing 747-then the games will begin."

- On March 8, 2023, at 4:56 p.m. Probationer wrote to the Probation Officer that, "I am seeking political asylum because You [sic] and your friends in the United States Government continue to harass and defame me. This case was a fraud. Journalism is not a crime. I am leaving the Country for my safety."

- According to the United States Probation Officer, at the time of his March 10, 2023, arrest at the United States Probation Office in the Sandra Day O'Connor United States Courthouse, Probationer, "repeated several times that the plea agreement was terminated; the moment he is released he is fleeing the country and probation is terminated." He stated further, "that he is no longer going to comply with any probation conditions and that the whole world knows about the corrupt US government and what the USPO is doing to him."

These examples were specifically argued by the United States at the detention hearing, but do not contain the universe of comments made to the United States Probation Officer by Probationer reflecting his lack of acceptance of responsibility for the Cyberstalking conviction, his adamant disagreement with the judicial process he was subjected to, nor his

opinions regarding the appropriateness of the conditions of probation imposed by the Court.

The United States argued further that Probationer considered the whole prosecution a fraud and that in addition to failing to cooperate with Court ordered attempts to remove information from social media sights as alleged in Allegation C, threatened to sue if attempts were made by the government to seek an order to have the social media information removed. Specifically, in a facsimile sent by Probationer to the United States Probation Officer on December 23, 2022, Probationer wrote:

> "Please let [assigned Assistant United States Attorney] know that if he attempts to obtain a court order to take down my social media channels, I will take legal action against the United States Government. I will take legal action to keep my social media sites online."

The arguments presented by the United States during the detention hearing have not changed. On the one hand, Probationer wants to be taken seriously as a self-styled journalist, but on the other wants the Court to ignore his claims that he will flee and no longer follow *any* conditions of probation. Probationer's own words that he will flee and that he will not follow probationary conditions are the best evidence of his intent. Probationer has not presented this Court with clear and convincing evidence that he is not a likely to flee or pose a danger to the safety of the community if released.

**Changed Circumstances**

Upon review of the available evidence, the United States moved to dismiss Allegation A before the Preliminary Probation Revocation hearing began on March 22, 2023. Allegation A alleged that Probationer failed to appear for a meeting with the United States Probation Officer that had been scheduled for December 14, 2022. The United States Probation Officer had communicated to Probationer via phone message and certified letter that he was to appear at the United States Probation Office on December 14, 2022. The United States Probation Officer resorted to the certified letter because Probationer was making efforts to arrange that meeting difficult. The purpose for the meeting was to obtain

Probationer's compliance with Court ordered removal of information relative to the victim that may be on Probationer's social media accounts.[1] Separately, efforts to secure the attendance of defense counsel and F.B.I. agents were ongoing and as indicated in Probationer's motion, were unsuccessful. Although the United States Probation Officer never communicated to Probationer that the meeting scheduled for December 14, 2022, was cancelled, Probationer was likely told by defense counsel that the meeting was cancelled due to his unavailability and the unavailability of the F.B.I. agent. All parties knew that the purpose of that meeting could not be achieved without the presence of defense counsel and the F.B.I. agent. Although the United States Probation Officer never technically cancelled the meeting for Probationer, there was enough confusion[2] regarding the date to support Probationers apparent belief that the meeting had been cancelled. Therefore, the United States moved to dismiss Allegation A.

The United States Probation Officer testified at the Preliminary Revocation Hearing. The testimony regarding Allegation B was sufficient to meet the probable cause standard, but was confusing. Allegation B alleged that Probationer accessed the internet in violation of Special Probation Condition 4. The evidence in support of the allegation came from a report by the internet monitoring software company. The report identified YouTube related content that was accessed by Probationer's computer. While accessing YouTube to retrieve the information detected would be a violation of Special Condition 4, the report was unable to discern whether Probationer accessed YouTube directly, or a video that may have been

---

[1] Special Probation Condition 10 required Probationer to make best efforts to remove publicly available information posted by Probationer relative to the victim and all photos and videos relative to the victim from all of Probationer's social media accounts, within 30 days of entry of judgement, which was on August 18, 2022. There were various reasons the meeting was delayed beyond the 30 day deadline, several of which related to Probationer being obstinate, according to the United States Probation Officer.

[2] On December 10, 2022, defense counsel filed a Motion to Stay FBI Computer Meeting [Doc. 174], to which the United States responded with no objection on December 12, 2022 [Doc. 175]. Based upon the United State's response, defense counsel withdrew the motion on December 12, 2022 [Doc. 176].

created on YouTube, but was contained within another web-building internet site that Probationer could access without violating Special Condition 4. Subsequent to the hearing, attempts were made by the United States Probation Officer to determine whether the internet software company could tell how the video was actually accessed. The company was unable to provide an acceptable answer. Therefore, on March 10, 2023, the United States notified defense counsel of its intent to dismiss Allegation B at the May 8, 2023, Probation Revocation Hearing, unless he preferred that I do so in writing beforehand.

**Conclusion**

The United States will present evidence of Probationer's alleged violation of Special Probation Condition 10, as alleged in Allegation C, at the Probation Revocation Hearing. However, Allegation A has been dismissed upon motion of the United States, and there will be a motion to dismiss Allegation B before the start of the Probation Revocation Hearing. The dismissal of Allegations A and B are the core of the changed circumstances cited by Probationer in support of the Motion for Immediate Release. However, the changed circumstances are not clear and convincing evidence that Probationer will not flee and does not pose a danger to the community, as found by the Court after a detention hearing. Probationer has clearly stated that he will flee and that he will not follow probationary terms. Therefore, the United States requests the Court to deny Probationer's Motion for Immediate Release.

Respectfully submitted this 19th day of April, 2023.

                              GARY M. RESTAINO
                              United States Attorney
                              District of Arizona

                              *s/Glenn B. McCormick*
                              GLENN B. McCORMICK

**CERTIFICATE OF SERVICE**

I hereby certify that on 19th day of April, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Phillip Seplow

 *s/Glenn B. McCormick* 
U.S. Attorney's Office