THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE CJVLR 5.4
(Rule Number/Section)

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 2 5 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Chauncey Hollingberry
4415 N. Maryvale Pkwy. Ste. 23051
Phoenix, Arizona 85031
editor@chaunceyart.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAUNCEY HOLLINGBERRY,<br><br>Defendant | Case No.: **CR-20-00673-PHX-MTL**<br><br>**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE 18 U.S. CODE § 3583 (e) 1** |

NOW COMES, CHAUNCEY HOLLINGBERRY, for his MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE. The Court has a right to consider this motion under 18 U.S. Code § 3583 (e) 1. This motion complies with Local Federal Rule 7.1 (d), which limits motions to twenty pages.

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE 18 U.S. CODE § 3583 (E) 1 - 1

## MEMORANDUM OF POINTS AND AUTHORITIES

**Events Giving Rise to Motion**

Pursuant to the Plea Agreement and the Judgment of the Court, the Defendant was sentenced for a conviction in Count One of the Indictment, charging a violation of Title 18, United States Code § 2261A(2), Cyberstalking, a Class D felony offense, on August 18, 2022, to a Term of Probation. The Defendant was sentenced to probation because Hollingberry had spent more time in custody than the Sentencing Guidelines recommended, which was probation. The Defendant has been under court-supervised release for 36 months, which is the statutory maximum for the Class D Felony Offense, 18 U.S. Code § 3583(b) (2).

On May 11, 2023, the Defendant's original Sentence of the Court was revoked following the low-grade Class C Violation for allegedly not making his "best effort" to remove the Defendant's social media accounts from the internet. In the subsequent violation proceeding, per the Order Revoking Probation, the Court has implemented both Special and Standard Conditions outlined in General Order 17-18, Order Revoking Probation, Doc 205. Subsequently, the Court signed a Waiver and Order Modification of Supervised Release Conditions on August 19, 2024, Doc 229.

**18 U.S. Code § 3583 (e) 1**

"The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)— terminate a term of supervised release and discharge the defendant released at any time after the expiration of

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE 18 U.S. CODE § 3583 (E) 1 - 2

one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;"

**18 U.S. Code § 3553(a)(1) et seq.**

"(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

    **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

    **(2)** the need for the sentence imposed—

        **(B)** to afford adequate deterrence to criminal conduct;

        **(C)** to protect the public from further crimes of the defendant; and

        **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    **(4)** the kinds of sentence and the sentencing range established for—

    **(5)** any pertinent policy statement—

    **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    **(7)** the need to provide restitution to any victims of the offense."

**3553 (a)(1)**

The nature and circumstances of the offense and the history and characteristics of the Defendant are as follows:

Unfortunately, in 2020, a years-long feud between Hollingberry and the victim, CK, culminated in the Defendant harassing CK after the victim used her government authority to remove the Defendant's YouTube videos from the internet. The videos in question were legally permissible but did not align with CK's political views. In the Defendant's videos, Hollingberry was openly critical of corruption within law enforcement, often filming interactions with law enforcement and government officials, as well as his subsequent confrontations with those officials.

The victim, in this case, has friends and family in law enforcement and government and disagreed with the Defendant's political views. Consequently, the victim issued orders to YouTube to silence and shut down the Defendant's videos and YouTube channel. The victim ultimately resigned from the Arizona Attorney General's Office to avoid termination of employment.

Hollingberry had no criminal history prior to the instant offense of Cyberstalking; he was a law-abiding citizen and maintained stable employment and residence within the District of Arizona.

**3553 (a)(2)(B)**

To afford adequate deterrence to criminal conduct:

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE 18 U.S. CODE § 3583 (E) 1 - 4

The Defendant was detained prior to trial for a period of 26 months from March 13, 2020, to May 2022, which was longer than the Federal Sentencing Guidelines recommended for incarceration. Hollingberry was sentenced to five years of probation, which was more than is allowed under 18 U.S. Code § 3583(b) (2) and was and is normally for offenders who did serve any time in incarceration prior to sentencing. The Defendant not only served more time than the Guidelines recommended but he was also sentenced to more post-incarceration supervision than § 3583 allowed.

**3553 (a)(2)(C)**

To protect the public from further crimes of the defendant:

Hollingberry has been under Court Supervised Release for *36 months*, which is the statutory maximum for a Class D Felony Offense. The Defendant has 12 months remaining on Supervised Release.

During his time under supervision, Defendant has had internet restrictions, including internet monitoring and search conditions. The Defendant has not been found to have committed any new crimes or any new crimes of harassment despite internet monitoring and multiple searches of his residence and electronic devices.

**3553 (a)(2)(D)**

The Defendant has no need and has not been ordered to any educational or vocational training, medical care, or other correctional treatment.

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE 18 U.S. CODE § 3583 (E) 1 - 5

**3553 (a)(4)**

The sentencing guidelines called for a downward departure, which recommended Probation because the Court found exceptional circumstances; the Defendant had been detained prior to trial (26 months) longer than the guidelines recommended without a downward departure.

**3553 (a)(5)**

The Sentencing Commission issued the following policy statement:

"In 2005, the Committee revisited the early termination policy, recommending provisions modeled after United States Parole Commission regulations. Specifically, the Conference approved creating a presumption in favor of early termination for non-career and non-violent offenders who 1) have been under supervision for at least 18 months, present no identified risk to the public or victims, and are free from any moderate- or high-severity violations; or 2) have been under supervision for at least 42 months and are free from any moderate- or high-severity violations. These policies remain in effect today." (Laura M. Baber, 2013).

**3553 (a)(6)**

Hollingberry has served the statutory maximum of supervised release and served more time in detention than the Guidelines recommended; thus, there is no risk of sentencing disparities for the Court to grant an early termination of Supervised Release.

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE 18 U.S. CODE § 3583 (E) 1 - 6

3553 (a)(7)

The Defendant does not owe any restitution to any victim in this case.

## STANDARD

The Court has "considerable discretion" in determining whether the Defendant merits early termination, *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

As cited in Laine and Lussier, the Defendant may be eligible for early termination of supervised release when something exceptional or extraordinary warrants the termination, *United States v. Laine*, 404 Fed. Appx. 571, 2010 U.S. App. LEXIS 25671 (United States Court of Appeals for the Third Circuit December 16, 2010, United States v. Lussier, 104 F.3d 32, 1997 U.S. App. LEXIS 310 (United States Court of Appeals for the Second Circuit January 9, 1997.*

## ARGUMENT

There are a number of exceptional or extraordinary circumstances that warrant the early termination of the Defendant's supervised release. Firstly, the Sentencing Commission recommends early termination. Hollingberry is a non-career, non-violent offender who has been under supervision for *36 months*. He had no prior criminal history before the current offense of Cyberstalking. While Cyberstalking can be considered a crime of violence, the Defendant is not violent as defined by "violent offenders." He pleaded guilty to "intent to harass" in the Government's Plea Agreement.

Secondly, Hollingberry does not pose a risk to the public or the victim, CK. In fact, the Defendant has expressed in emails presented to this Court that he is afraid of the

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE 18 U.S. CODE § 3583 (E) 1 - 7

victim and does not feel comfortable being in the same country as CK. A person who is genuinely stalking someone would not be afraid of that person.

Thirdly, the Defendant has not committed any moderate or high-severity violations. However, the Court did find that he did not make his "best effort" to remove his social media accounts, resulting in a Grade C violation, which is considered a low-grade violation. The Defendant explained to the Court that he could not access the accounts in question due to two-factor authentication. Although the Court did not initially believe him, it was later proven that he had indeed lost control of his YouTube account.

Fourthly, Hollingberry has been actively working full-time while completing his college education during supervised release. Not only is the Defendant completing his degree, but he is building a business and working toward self-employment.

## RELIEF

The Conditions of Supervised Release are, unfortunately, a significant impediment to the Defendant's life. He is prohibited from having a cell phone and is subject to monitoring of all his communications. Every email and every word he types on his computer is being reviewed by the United States Probation Department; even this motion, which he is drafting in Microsoft Word, is under scrutiny.

The Defendant is unable to maintain a social life, have personal conversations, or send and receive personal media communications with anyone because of the Conditions of Supervised Release. This supervised release has become a burden and a source of

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE 18 U.S. CODE § 3583 (E) 1 - 8

frustration for the Defendant, and he is requesting that the Court grant his motion for early termination.

Dated this 1st day of March 2025

*Chauncey Hollingberry*
Chauncey Hollingberry

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE 18 U.S. CODE § 3583 (E) 1 - 9

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March 2025, I mailed a copy of the foregoing to the Clerk of the Court.

I further certify that on the same day, a copy of the foregoing was mailed to

Glenn B. McCormick.

Glenn B. McCormick
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Glenn.mccormick@usdoj.gov


/s/ Chauncey Hollingberry

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE 18 U.S. CODE § 3583 (E) 1 - 10

**PRIORITY MAIL**
**FLAT RATE ENVELOPE**
**POSTAGE REQUIRED**

FIRMLY TO SEAL

UNITED STATES POSTAL SERVICE | PRIORITY®

- Expected deliv
- Domestic ship
- USPS Tracking
- Limited interna
- When used int

*Insurance does not
Domestic Mail Manua
** See International M

**FLAT RA**
ONE RATE

TRACKE

US POSTAGE PAID
$10.10
Origin: 85031
02/24/25
0363790076-48

**PRIORITY MAIL®**

0 Lb 3.10 Oz
RDC 03

EXPECTED DELIVERY DAY: 02/26/25

C011

SHIP TO:
STE 130
401 W WASHINGTON ST
PHOENIX AZ 85003-2124

USPS TRACKING® #

9505 5118 0513 5055 9287 24

FROM:
Chauncey Hellingberry
4415 N. Maryvale Pkwy Ste. 23051
Phoenix, Arizona 85031

**RECEIVED**
FEB 25 2025
CLERK OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

TO:
Clerk of the Court
401 West Washington St. SPC 1 Suite 130
Phoenix, Arizona 85003-2118