WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00673-001-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Chauncey Hollingberry, | |
| Defendant. | |

Before the Court is Chauncey Hollingberry's Motion for Early Termination of Supervised Release (Doc. 230) and Motion for Sanctions (Doc. 233). The United States opposes both motions. (Docs. 231, 234.) The Court now rules.

**I.  BACKGROUND**

Mr. Hollingberry pleaded guilty to one count of cyberstalking in the United States District Court for the District of Arizona. (Doc. 155.) The offense relates to Mr. Hollingberry's online cyberstalking campaign against Victim K, which included posting videos disclosing Victim K's personal information, calling her derogatory names, and soliciting thousands of YouTube followers to collect more information on her. (*Id.*)

On August 18, 2022, Mr. Hollingberry was convicted and placed on probation for sixty months. (Doc. 152.) In May 2023, Mr. Hollingberry's probation was revoked after the Court found he failed to make best efforts to remove the social media postings related to the victim. (Docs. 203, 205.) Mr. Hollingberry was placed on three-years' supervised release, which he is currently serving. (Doc. 205.)

**II.     MOTION FOR TERMINATION OF SUPERVISED RELEASE**

A term of supervised release may be terminated by the court "at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The court should consider certain § 3553(a) sentencing factors, including the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the applicable sentencing guidelines provisions. *Id.* § 3583(e). District courts have broad discretion to determine whether supervised release should be terminated early. *Id.* § 3583(e)(1); *see United States v. Bainbridge*, 746 F.3d 943, 951 (9th Cir. 2014).

Mr. Hollingberry argues that his supervised release, with approximately twelve months remaining, should be terminated early because he is "a non-career, non-violent offender," with no prior criminal history and "does not pose a risk to the public or the victim." (Doc. 230 at 7.) He contends early termination is also supported by the fact that he has not committed any moderate or high-severity violations of his conditions of supervised release and he is "actively working full-time while completing his college education." (*Id.* at 8.)

The United States opposes early termination, arguing "mere compliance" is insufficient to justify early termination and Mr. Hollingberry's compliance has been mediocre at best considering his contentious behavior and inability to accept responsibility for his actions. (Doc. 231 at 8, 13-14.) His current probation officer recommends against early termination, citing Mr. Hollingberry's defiant behavior, statements justifying his conduct, threats to probation staff, attempts to obstruct supervision, and "apparent failure to take accountability for his conduct in the instant offense and demonstrate true changes to his thinking and antisocial attitudes." (*Id.* at 13-14.)

The Court agrees with the United States that early termination of supervised release is not warranted nor is it in the interests of justice. Mr. Hollingberry failed to comply with

the terms of his probation (Doc. 205), and he has sought to modify the conditions of his release on several occasions (Docs. 207, 218, 226). Further, notwithstanding that he entered a plea of guilty, Mr. Hollingberry has repeatedly avowed his innocence throughout probation and supervised release. His claims of innocence undermine any notion that Mr. Hollingberry shows remorse or accepts responsibility for his conduct. *See United States v. Thomas*, No. CR-12-00523-002-PHX-DGC, 2022 WL 3082529, at *6 n.10 (D. Ariz. Aug. 2, 2022) (explaining that "asserting a claim of actual innocence . . . is not consistent with taking responsibility and showing remorse"). Under these circumstances, rewarding Mr. Hollingberry with early termination does not advance the § 3553(a) objectives to protect the public from further crime and to afford adequate deterrence to criminal conduct.

In sum, the Court finds that the sentencing factors under §§ 3553(a) and 3583(e) weigh against early termination of Mr. Hollingberry's supervised release. The Court will deny the motion.

### III.   MOTION FOR SANCTIONS

Mr. Hollingberry moves for sanctions against two Assistant United States Attorneys and four individuals pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. 233.) Mr. Hollingberry argues the United States misrepresented that he was a danger to his mother and that he harassed four individuals in filing its Detention Memorandum and exhibit of letters. (*Id.* at 15.) According to Mr. Hollingberry, the United States continued to misrepresent that he was the alleged harasser in advocating for a no-contact special condition, even after learning the alleged four individuals "were gang-stalking him in retaliation for his political beliefs and other reasons." (*Id.* at 16-18.)

"The central purpose of Rule 11 is to deter baseless filings." *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994) (citation omitted). Rule 11 justifies sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Est. of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (citation omitted). A "frivolous" filing is one that is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d

1358, 1362 (9th Cir. 1990) (en banc).

Mr. Hollingberry may disagree with the position of the United States and the allegations set forth in the individuals' letters, but he has not shown that the filings were "baseless and made without a reasonable competent inquiry." *Id.* As noted by the United States, Mr. Hollingberry was detained after the Court found he posed a danger to the community by clear and convincing evidence. (Doc. 12.) That ruling was twice affirmed on appeal to the District Court and Ninth Circuit. (Docs. 25, 45.) Similarly, this Court has considered and overruled Mr. Hollingberry's objections to the special no-contact condition. (Docs. 146, 152.) Because Mr. Hollingberry has failed to show sanctions are warranted, the Court will deny the motion.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion for Early Termination of Supervised Release (Doc. 230) is **denied**.

**IT IS FURTHER ORDERED** that the Motion for Sanctions (Doc. 233) is **denied**.

Dated this 10th day of June, 2025.

Michael T. Liburdi
United States District Judge