**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00673-001-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Chauncey Hollingberry, | |
| Defendant. | |

The Court has considered Defendant's Motion for Recusal under 28 U.S.C. § 455(a) and (b)(1). (Doc. 237.)

**I.**

A motion for judicial recusal under § 455 "is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980).

Section 455(a) requires that a "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." It is well established in this Circuit that the test for recusal of a judicial officer is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019) (quoting *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)). A reasonable person "in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Clemens v. U.S. Dist. Ct. for Cent. Dist.*

*of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quotation marks omitted). "Disqualification under § 455(a) is necessarily fact-driven and may turn on subtleties in the particular case." *Carey*, 929 F.3d at 1104 (quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)).

Under § 455(b)(1), a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." But "judicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The Ninth Circuit Court of Appeals applies the following "objective test for determining whether recusal is required: 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Id*. (quoting *Clemens*, 428 F.3d at 1178).

### III.

### A.

Defendant's motion argues that this judge should disqualify himself because Defendant conducted "First Amendment audits" of State of Arizona government buildings, including the executive tower. (Doc. 237 at 2-3.) Defendant claims that his "audits included verbally criticizing Governor Doug Ducey's administration for alleged corruption and overreach." (*Id.* at 2.) Defendant claims, without evidence, that he visited the governor's office while this judge was serving as former Arizona Governor Ducey's general counsel. (*See id.* at 2-3.) Without any evidence, Defendant asserts that "Judge Liburdi was physically present in the [Arizona State] Capitol during one or more of Defendant's audits, exposing him to the content and context of the Defendant's criticisms firsthand." (*Id*. at 3.) Defendant takes aim at a condition of his supervised release conditions that limit his ability to enter government buildings during his term of supervised release. (*Id.* at 3-4.)

Defendant was indicted in October 2020—over five years ago—with a single count of cyberstalking in violation of 18 U.S.C. § 2261A(2). Defendant was represented by

counsel. On May 19, 2022, Defendant pled guilty after entering into a plea agreement with the United States. He acknowledged the factual basis of the offense conduct as described in the plea agreement. As part of his plea agreement, Defendant waived his right to appeal his judgment of conviction or sentence. He was sentenced to probation. He did not appeal.

Not long after his sentencing hearing, Defendant's probation was revoked for a series of violations including his failure to remove from the Internet publicly accessible information relating to the victim of the underlying offense. Defendant admitted to violating his supervised release, specifically the allegation that he failed to remove online information about the victim. On May 11, 2023, this Court found Defendant in violation of his probation and imposed a time-served custodial sentence with 36 months of supervised release. Special Condition No. 2 of Defendant's supervised release conditions states, "You must not go into any government building unless you have legitimate business or without prior authorization from your probation officer." (Doc. 205 at 2.) Defendant did not object to this or to any other condition of supervised release. At the time of his final disposition, Defendant was advised of his appeal rights. He did not appeal.

On motion of the United States and without objection from Defendant, the Court modified Defendant's supervised release conditions to include a directive that he permanently delete specified social media accounts. (Doc. 209.)

**B.**

**1.**

As a threshold matter, the Court finds this Motion untimely. "It is well established in this circuit that a recusal motion must be made in a timely fashion." *United States v. Mikhel*, 889 F.3d 1003, 1026 (9th Cir. 2018) (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992)). "While there is no *per se* rule that recusal motions must be made at a fixed point in order to be timely, such motions should be filed with reasonable promptness after the ground for such a motion is ascertained." *Id*. (citation omitted). "Where 'unexplained delay' in filing a recusal motion 'suggests that the recusal statute is being misused for strategic purposes,' the motion will be denied as untimely." *Id*.

(quoting *E. & J. Gallo Winery*, 967 F.2d at 1296).

This recusal motion comes over three-and-a-half years after Defendant was sentenced to probation on the underlying cyberstalking offense. It is two-and-a-half years after the final disposition of the petition to revoke Defendant's probation. By the Court's rough calculation, Defendant has approximately six months remaining on his supervised release. Moreover, all of the facts concerning this judge's prior employment with the State of Arizona were publicly known, including to Defendant and his former counsel, for years throughout these proceedings. *See Jackson v. Tesla, Inc.*, 772 F. Supp. 3d 1111, 1116 (N.D. Cal. 2025). Defendant never raised a concern. It is only now, years into his supervised release term, that Defendant makes an issue out of this judge's prior employment.

The motion does not provide any justified explanation for the delay. Defendant attempts to argue that the motion is timely because it was filed "shortly after Judge Liburdi's June 10, 2025 order denying Defendant's February 26, 2025 Motion for Early Termination of Supervised Release and March 7, 2025[] Motion for Sanctions."[*] (Doc. 237 at 7.) Defendant complains that this Court's Order on these motions took too long to issue and unfairly sided with the government's position. (*Id.* at 7-8.) But, again, the facts of this judge's prior employment were known to Defendant well before he filed the motions to terminate supervised release and motion for sanctions. That Defendant brings his recusal motion now betrays his motives—that this is a tactical misuse of the recusal statute. The Court therefore finds that the motion is untimely and subject to denial on this basis alone.

**2.**

Even if the motion were timely, the Court finds that it must be denied on the merits. To the extent Defendant complains about the results of these proceedings, dissatisfaction with a judge's rulings do not satisfy the standards for judicial disqualification under § 455(a) and (b)(1). Indeed, "[p]rior judicial rulings unfavorable to defendant are a basis for appeal, not recusal." *United States v. Ford*, 293 F. Supp. 3d 1138, 1140 (E.D. Cal.

---

[*] Defendant filed these motions *pro se* on February 28, 2025 and March 11, 2025. (Doc. 230, 233.) The later filed motion was fully briefed on March 25, 2025. (Doc. 235.) This Court docketed its Order denying both motions less than three months later, on June 10, 2025. (Doc. 236.)

2018).

As for Defendant's other arguments, he has failed to satisfy his burden to show that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hunt*, 153 F.4th 858, 864 (9th Cir. 2025) (quoting *Holland*, 519 F.3d at 913). Despite Defendant's rank speculation, this judge never encountered him personally, let alone heard of him, prior to the assignment of this case. In fact, this judge had never heard of the concept of a "First Amendment audit" until this case. The entire universe of this judge's knowledge of Defendant and the offense conduct is limited to the record in this case, primarily the briefing on Defendant's appeal from the magistrate judge's detention order and the presentence investigation report. (Doc. 17, 19, 149.) Nowhere in these filings are there facts explaining Defendant's auditing activities at the State of Arizona executive tower building or his criticisms of former Governor Ducey's administration. Interestingly, Defendant alleges that he encountered governor's office staff on the 7th floor of the tower. (Doc. 237 at 3.) In reality, the Secretary of State's office is on the 7th Floor and the governor's office reception area is on the 8th floor.

The Court finds Defendant's accusation of bias to be entirely frivolous. There is no factual basis for any of Defendant's claims. Applying the objective standard for judicial disqualification, the motion will be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Recusal under 28 U.S.C. § 455(a) and (b)(1) (Doc. 237) is **DENIED**.

Dated this 11th day of December, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge